And our final case for today is Jesus Zambrano v. City of Joliet. Mr. Richards. Judge Sykes, Judge Leahy.  Good afternoon. Hi. Judge Roepner. Don't forget Judge Roepner. And Judge Roepner. I'm sorry. To all three of the judges, your honors, I represent Jesus Zambrano and we are appealing the determination of the district court granting the defendant's motion for summary judgment. Let's just imagine for a moment that I am not Stephen Richards, but that I am a corrupt police officer. And I wish to secure the conviction of somebody I don't like, maybe because I think they're  And I'm prepared to do that by fabricating evidence. Well, I think the district court's opinion in all, with all respect, provides a roadmap as to how such an officer can do that without being held liable. Because all the officer has to do is put his evidence in a police report. Write it down. Mr. Richards, what is your strongest evidence that the detective here intentionally falsified the report? Because you don't just, what you say is that your client didn't tell him this information at the time he claims he did. You don't dispute the truth of the underlying information. And you don't dispute that somebody else told him this. But just being inaccurate isn't sufficient. It has to be intentionally falsified. So, what's your strongest argument of the intent element? The strongest argument is that my client testified at his deposition that he didn't say it. So, it's clearly a case of he said, he said. Is that enough, given that you're not contesting the accuracy of the underlying information? Yes, it is. And what are you relying on to support that? Well, I think there's two possible theories. One possible theory is that the officer fabricated the information. The other possible theory is that the officer is mistaken. Now, those are two possible inferences from the facts. And on summary judgment, where there's two possible inferences, the case should go to a jury. The jury can decide whether the inference of mistake is better than the inference of fabrication. So, it's clearly a trial issue. It's not a summary judgment issue. You aren't disputing that the report itself was not used at trial, are you? The report itself was, I am not disputing. Well, that depends upon what used at trial means. It wasn't admitted into evidence at trial. It was not admitted into evidence. It wasn't presented to the jury at trial. The information in it was, but the actual document itself was not.  And his testimony is entitled to prosecutorial immunity. And that gets to the heart of the issue. Because, first of all, let's, again, we'll put in the position of an officer who wants to fabricate and wants to not be held accountable for it. Under the district court's decision, and under the district court decision in Brown, but not under this court's decisions in Avery, or I would argue this court's decision in Patrick, all an officer has to do to get fabricated evidence, convict somebody of fabricated evidence, is put the information in a police report, and I'll tell you in a minute why a police officer would do that, and then testify to the information at trial. The report is almost never going to be introduced. Why? Because, in Illinois, police reports are not admissible. And juries are often told that, by the way, when they ask questions about the police reports. Sometimes they're used to impeach, but the report would only be used to impeach if the fabricated information wasn't in it. If the officer just gets up on the stand and says, oh, by the way, defendant confessed to me or made a statement, and it's not in his report, then he's going to be impeached with the report. But the report will not contain the fabrication. Or where his recollection is going to be refreshed by looking at the report, then it's also sometimes referred to, but, by the way, not admitted into evidence. It's just referred to, looks at it, yeah, my recollection is refreshed. Well, you're absolutely correct that, you know, the police report was never admitted into evidence. It wasn't used at trial to refresh Schumacher's recollection. And, of course, your challenge really is to his testimony. And what I'm trying to figure out is how you can challenge that testimony, given that the court dismissed your challenge to the testimony on immunity grounds, and you did not challenge that dismissal. So I'm at a, you know, I need some help. Well, and I think I have the answer for you. It's not possible to take these isolated parts of a trial and, you know, isolate them out. This is his testimony. This is him being prepared by the prosecutor. And at that point, by the way, probably having recollection refreshed by the police report, and then the prosecutor using the information in closing argument. Used at trial encompasses a whole variety of things, in our view. Used at trial means it's part of the piece of the machinery leading to the defendant's wrongful conviction. So the immunity cases are clear in terms of the testimony itself. But Avery, where there was also testimony, points out that where the whole idea of fabricating a statement is to have the jury hear it, and it's part of the whole machinery of getting to the wrongful conviction, even if you give the officer immunity just for the testimony, you can't say that the fabrication didn't lead to the conviction. This, after all, is a question of causation. There's a chain of causation. And the district court actually got it right when he ruled on the motion to dismiss. He said, with his usual flair for language and creativity, I might add, it got the ball rolling towards the conviction. That's what he said the first time he looked at this issue. Now, for some reason, he changed his mind. But this is an extremely important issue, not only for Mr. Zambrano, but also, frankly, for cases all over the district courts, because this is the defendant's argument du jour, that officers put something in a police report, they tell prosecutors, and then they testify to it, and then they say, so what? Immunity for the testimony, no introduction of the report directly in evidence before the jury, which, of course, almost never happens. Therefore, the officer walks. Officer goes scot-free, because it's so been arranged that the fabrication came in through his testimony as one step, and his writing of the report or anything else or how the prosecutor argued is irrelevant. That, in our view, is a ruling which would gut the constitutional protection against fabrication. The only cases left would be cases where the officer, for example, gets a witness to testify falsely, and then the witness has no immunity, and the witness is not, of course, being sued. So then the officer is sued. But this is an extremely dangerous and wrongful doctrine, and we would urge your honors to reject it. I would only say that with respect to the argument in terms of materiality, which the district court did not reach, we did brief that below because it was raised below, and this is not the strongest case I've had for materiality, but it's strong enough. Look at the following facts. One, he was introduced at the first trial. He was referred to in opening and closing at the first trial. Zambrano was convicted at the first trial. He was introduced into evidence at the second trial, but he was acquitted. In fact, the mere fact that he's acquitted at the second trial demonstrates, I think, beyond doubt, that this was not a case of overwhelming evidence. It was clear that Pedro Sanchez was the shooter. Pedro Sanchez had the motive. The only way of finding Zambrano guilty was to find him accountable, and his association with Sanchez and the length of his association were critical in terms of what the jury knew. Obviously, Zambrano, at his deposition, said he was innocent, said he never went to the apartment, he was dropped off first, and there could be questions at the trial the jury might have as to whether Zambrano is telling the truth. I don't know if I've returned. Your time has expired. I understand that, and I assume I have no – you just tell me one way or another – I have no time left for rebuttal. You used all of it. In that case, thank you very much for listening to my argument. Thank you very much. Ms. Proctor. May it please the court. My name is Darcy Proctor, and I'm here today on behalf of Defendant Detective Schumacher and the City of Joliet. It is our position that summary judgment should be affirmed on plaintiff's 14th Amendment fabrication of evidence claim for three independent reasons. First, there is no evidence that Defendant Schumacher knowingly falsified his police report. Second, there is no evidence that Schumacher's police report deprived plaintiff of any due process or violated his right to a fair trial, which is the essence of a 14th Amendment due process claim, because the evidence is undisputed that the report was not used in Mr. Zambrano's criminal trial. And third, when viewing all the evidence that actually was used against Mr. Zambrano at his criminal trial, no reasonable jury could conclude that Schumacher's report had a material impact on the plaintiff's conviction. Under the law of this circuit, the essence of a due process evidence fabrication claim is that the accused was convicted and imprisoned based upon knowingly falsified evidence in violation of his right to a fair trial, thus depriving him of liberty without due process. And we really need to look no further than the Seventh Circuit's instruction on fair trials. It's instruction 7.14, which sets forth the elements of a fabrication of evidence claim. And it is a very narrow claim. And in this case, there is no evidence to establish that the police report, which is the alleged fabricated evidence in this case, was used to deprive Mr. Zambrano of a fair trial, or that the report itself was knowingly falsified. In our view, plaintiff has not met his burden. Fact, plaintiff admitted at his deposition that he had a conversation with Detective Schumacher on May 22, 2009, and that, quote, I told him I was with my girl and a couple of friends the night before. End quote. The night before the murder. This is at plaintiff's deposition. It's Exhibit A to the Defense Motion for Summary Judgment. And that testimony, which dooms his 14th Amendment claim, is found at page 113, lines 8 and 9 of Mr. Zambrano's deposition. So the fact that plaintiff argued today that my client said he didn't say it, that's just not true. Taking into account plaintiff's admission, it was reasonable for Defendant Schumacher to infer that his girl was Claudia and that his friends were Pedro Sanchez and Michael Ortiz, based on the following undisputed evidence. So we have to consider the context of Schumacher's investigation and the timeline of his investigation and when he prepared his report. Fact, Pedro Sanchez and Michael Ortiz were both present at Zambrano's house when Zambrano made the above statement to Schumacher. That's undisputed. Docket number 87, paragraph 9. Fact, Schumacher's conversation with Zambrano occurred on May 22, 2009, at 3 p.m., outside of Zambrano's residence. Fact, docket 87, paragraph 37. Ms. Proctor, Ms. Proctor, if a jury believed in Zambrano, that he never made the statement to Schumacher that he's in the police room, and that statement was advantageous to the prosecution and harmful to Zambrano, why wouldn't that be enough to allow a jury to determine that the erroneous statement was included in bad faith? What more would be needed? Well, first of all, there are four elements to a 14th Amendment fabrication claim. The first is that Detective Schumacher knowingly falsified his police report. And it's our view that the undisputed evidence demonstrates that all of the information in the report was true. I mean, I don't think the plaintiff can dispute that. He says he was with his girl. All of it was true. What I'm trying to ask you is if a jury believed, okay? I want to know what more would be needed. Well, I mean, we're fast-forwarding to the jury. Are you asking about the criminal trial, or maybe you can clarify the question, or on summary judgment? The summary judgment standard. Yeah, perhaps I didn't understand the question, Your Honor. I mean, well. Do you now? I'm not sure I understand the question. Okay, let's say that there was a jury, okay? And that jury believed Zombrano, okay? Well, I think, you know, we really have two different juries in our scenario. We would have a civil jury in the fabrication of evidence lawsuit that was filed. And the standard there is on motion for summary judgment. The plaintiff has to put forward evidence to establish that a reasonable jury could not conclude that Officer Schumacher knowingly falsified his report. And it's our position, based on the undisputed evidence, that they could not reach that determination. Because based on the context and the timeline, the only difference between what Zombrano says he told Detective Schumacher and— Ms. Proctor, all I'm asking you is what more would be needed if a jury believed Zombrano, that he never made the statement to Schumacher that it's in the police report that we're talking about here. Yeah, what more they would need, that there has to be some evidence of intent. And I think the district court did a good job of laying forth what the standard is on summary judgment. It's not enough for the plaintiff to say, he said, she said, I didn't say it. Again, the core underlying facts are true. The only difference is the Detective Schumacher made a reasonable inference based on his investigation, and this is all laid out in the brief, that the girlfriend's name was Claudia, and the two friends' names were Michael and Pedro, and that Claudia lived on Ruby Street near the west side of the Des Plaines River. And I think it's important to point out, plaintiff, in responding to the summary judgment motion, does not dispute those facts. There might be cases, though, where he said, she said is sufficient, right, to establish intent? I think you're just saying, rather than a broad statement, that that could never create an issue of fact. It's based on these facts and this case, where he's admitted to saying everything but the names of the individuals, and given all the other statements, that you can't draw a reasonable inference of intent here, based on he said, she said. That's exactly our argument. In my limited time left, I want to just address the second. So even if this court disagrees and finds that there was a question of fact on intent, we go to the second element of the fabrication of evidence claim, and that is whether or not plaintiff can establish that Schumacher's police report, which is the alleged fabricated evidence, that that was used and introduced against Mr. Zimbrano at his criminal trial, and under the law of this circuit, Avery, Brown, Patrick, Taylor v. City of Chicago, a recent case, Mack v. City of Chicago, plaintiff has not established that the report itself was mentioned. The jury was not aware of the report. The report played no role at all in the criminal trial, and based on that, that doomed plaintiff's 14th Amendment claim. Now, plaintiff is not without a remedy. Under the Fourth Amendment, the plaintiff could fabricate, the plaintiff could make a claim if a police officer does fabricate evidence, and I think we have to keep that in mind, and if that fabricated evidence, that's not the case here, was used to support probable cause, was given to a judge at a probable cause hearing, was the basis for the prosecutor's decision on which charges to bring. If the report was introduced at the grand jury proceedings, if all of that was used against Mr. Zimbrano, and the evidence is fabricated, then the proper remedy would be under the Fourth Amendment, and the plaintiff did not bring a Fourth Amendment claim in this case. All we have is testimony, and the only claim is under the Fourth Amendment. All we have is testimony from Officer Schumacher at the trial, and I think we can all agree that that testimony under Briscoe v. Liu, that Detective Schumacher is entitled to absolute immunity for that testimony, and that was decided on a motion to dismiss early on, and the district court gave the plaintiff an opportunity to come forward with evidence to support a fabrication of evidence claim, and he did not, and for these reasons, we respectfully request that summary judgment be affirmed in favor of the city and Detective Schumacher, and we thank this court for its time and consideration. Thank you. Thank you very much. Our thanks to all counsel. The case is taken under advisement, and that concludes our calendar for today. The court is in recess. Thank you. Thank you.